# PETER LEARY v. W. A. CUSICK.[1]

October 15, 1926.

No. 25,441.

**Ruling of trial court on contract for sale of land sustained.**
1. The court correctly ruled that the contract in question was not ambiguous, and that it intended that the amount which would have become due under a prior contract if it had remained in force should be determined as of the date of the sale of the farm.

**Verdict in favor of defendant sustained.**
2. The verdict to the effect that sale price of the farm was less than the amount due defendant and that plaintiff is not entitled to any part of such sale price is justified by the evidence.

**Seller chargeable with actual not with inflated valuation of farm sold.**
3. Defendant was chargeable with the actual value of what he obtained for the farm and not with the inflated valuation admittedly placed thereon for trade purposes.

Contracts, 13 C. J. p. 520 n. 7; p. 582 n. 79; p. 584 n. 3; p. 775 n. 91.

Action in the district court for Faribault county to recover for money had and received. The case was tried before Haycraft, J., and a jury which returned a verdict in favor of defendant. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*Lindgren & Pettijohn,* for appellant.
*Frundt & Morse,* for respondent.

TAYLOR, C.

In 1919 plaintiff and defendant entered into a contract for the sale by defendant to plaintiff of a farm of 240 acres in Faribault county. On December 23, 1923, they entered into a second contract for the sale of the same farm by defendant to plaintiff which con-

[1]Reported in 210 N. W. 591.

tract superseded the first contract and is designated as Exhibit A. On January 13, 1925, they entered into a third contract. designated as Exhibit D, under which plaintiff executed a quitclaim deed of the farm to defendant, but which gave plaintiff the privilege of making a sale of the farm within one year, and which contains this provision:

"In case of a sale either by Peter Leary or W. A. Cusick, Mr. Cusick hereby agrees to give Peter Leary 50% of the sale price that is over the amount that Peter Leary owed on the contract for deed on said farm. In case sale is made Mr. Cusick is to figure his equity in the place the same as if said contract was still in force. The division of the excess is to be made when Mr. Cusick realizes what he has against the farm as per contract dated Dec. 23, 1923."

On July 29, 1925, defendant sold the farm, and shortly thereafter plaintiff, claiming that the farm had been sold for more than the amount which he owed on Exhibit A, the contract for deed, brought this action in the nature of an action for money had and received to recover one-half of the alleged surplus. The trial resulted in a verdict for defendant, and plaintiff appealed from an order denying a new trial.

Plaintiff contends that the provision quoted from Exhibit D is ambiguous; that it is not certain whether the amount to which plaintiff is entitled is one-half of the excess, if any, of the amount received for the farm over and above the amount which would have been due under Exhibit A at the time of the sale if that contract had remained in force, or one-half of the excess, if any, of the amount received for the farm over and above the amount which was due on Exhibit A on January 13, 1925, the date on which Exhibit D was executed. The court ruled that the provision in question is not ambiguous but intends that, for the purposes of Exhibit D, the amount due under Exhibit A is to be determined as of the date of the sale. We think that the language used plainly shows that such was the intention. The provision that in case of a sale defendant "is to figure his equity in the place the same as if said contract was still in force," followed by the provision that the division of the

excess is to be made when defendant "realizes what he has against the farm *as per contract* of Dec. 23rd, 1923," leaves no doubt that for the purpose of determining the amount to which defendant is entitled under Exhibit D, Exhibit A is to be treated as if in force at the time of the sale, and it clearly follows that the amount which would have been due thereon is to be computed as of that date. The ruling was clearly correct. Though not directly in point, McInnis v. National Casualty Co. 113 Minn. 156, 129 N. W. 125, 388, and Oil Well Supply Co. v. MacMurphey, 119 Minn. 500, 138 N. W. 784, may be helpful.

It was stipulated at the trial that the amount which would have been due under Exhibit A at the date of the sale, if that contract had remained in force, was the sum of $24,874.30. H. M. Dasckowski, the purchaser of the farm, as the consideration therefor, assumed a mortgage of $12,000 on the land, paid $1,600 in cash and conveyed to defendant four lots in the village of Wells. The deed of the farm recites a consideration of $23,600. The deeds of the village lots recite an aggregate consideration of $10,000, which added to the cash payment and mortgage assumed amounts to the sum of $23,600.

During the negotiations between Dasckowski and defendant, Dasckowski placed a valuation of $12,000 on his village lots and refused to allow a greater valuation than $105 per acre for the farm. These valuations would have left $1,200 to be paid in cash. He finally agreed to increase the cash payment to $1,600. When the deeds were being prepared, and apparently at a suggestion from the banker who drew them that the consideration had better be placed nearer the cash value of the property and save unnecessary revenue stamps, the consideration for the lots was placed in the deeds at $10,000 instead of $12,000, and the consideration for the farm was placed in the deed at $23,600 instead of $25,600.

Plaintiff insists that defendant is chargeable with the sum of $12,000 as the value of the lots regardless of their actual value, for the reason that they were placed at that valuation in the negotiations for the trade. We are unable to sustain this contention. In

an accounting to determine the amount, if any, which plaintiff is entitled to receive out of the proceeds of the farm, defendant is chargeable with the actual value of what he obtained for it. Dasckowski, called as a witness by plaintiff, testified that he placed the valuation of $12,000 on the lots as a trading proposition, and that the actual cash value of the lots did not exceed $8,000. He also stated that the cash value of the farm was less than $23,600, the amount stated in the deed. There was other evidence that the value of the lots was less than $10,000, the amount stated in the deeds, and no evidence whatever that such value exceeded that sum, or that the value of the farm exceeded the amount stated in the deed.

The court charged the jury that the only question for them to determine was the "sale price" of the farm, and further charged them that if they found that such sale price exceeded $24,874.30, they should return a verdict for plaintiff for one-half the excess, and if they found that such "sale price" did not exceed that sum they should return a verdict for defendant. The verdict establishes that the "sale price" did not exceed the amount due under Exhibit A at the time of the sale. The evidence not only sustains this finding, but would not sustain a contrary finding.

Several of the rulings of the court are assigned as error. We have examined all of them and find no error, and none which require special mention.

The order denying a new trial is affirmed.